**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT J. MARTIN. | Criminal Action No. 21-0408 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Robert J. Martin's ("Defendant") Motion for Early Termination of Probation. (ECF No. 5.) The United States of America (the "Government") responded but did not oppose. (ECF No. 8.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court grants Defendant's Motion.

**I.   BACKGROUND**

In January 2010, a grand jury returned a Superseding Indictment against Defendant. (Def.'s Moving Br. 1, ECF No. 5-1.) In June 2011, Defendant pled guilty, and in May 2013, Defendant was sentenced on one count of Conspiracy to Possess with Intent to Distribute Cocaine in violation of 18 U.S.C. § 846. (*Id.*) Defendant received a sentence of 168 months' imprisonment with five years of supervised release,[1] with financial penalties. (*Id.* at 1-2.)

---

[1] Throughout this Memorandum Opinion, the Court uses the terms "probation" and "supervised release" interchangeably.

Defendant began his five years of supervised release in October 2020. (*Id.* at 2.)[2] In April and May 2021, the jurisdiction for Defendant's supervised release was transferred from the United States District Court for the Eastern District of Texas to the United States District Court for the District of New Jersey. (ECF Nos. 2-3; *see also* Gov't's Response 2, ECF No. 8.) Defendant's supervised release is set to end on October 15, 2025. (*See* ECF No. 1; Gov't's Response 2.) Defendant now moves to terminate his supervised release early.

## II.     **LEGAL STANDARD**

The Court may terminate a term of supervised release prior to its expiration under 18 U.S.C. § 3583(e). The statute provides that a Court may terminate a term of supervised release "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* In determining whether to terminate supervised release, the Court must consider the following factors:

(1) the nature and circumstances of the offense and the defendant's history and characteristics (18 U.S.C. § 3553(a)(1));

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(B)-(D));

(3) the kinds of sentence and sentencing range established for the defendant's crimes (18 U.S.C. § 3553(a)(4)(A));

(4) pertinent policy statements issued by the U.S. Sentencing Commission (18 U.S.C. § 3553(a)(5));

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and

---

[2] Defendant was released from custody six months earlier due to COVID-19 considerations and spent the six months on home confinement. (Def.'s Moving Br. 2.) Defendant completed the home confinement period with no violations. (*Id.*)

2

(6) the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

Extraordinary circumstances may be sufficient to justify early termination, but they are not necessary for the Court to grant early termination. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

### III. **DISCUSSION**

Defendant sets forth several reasons why early termination is appropriate in his case. *First*, Defendant explains that in his six months under home confinement and his almost three years on supervised release, he has had "no violations nor any contact with the criminal justice system." (Def.'s Moving Br. 3.) *Second*, Defendant argues that the "primary purpose of supervised release is to facilitate the integration of offenders back into the community[,]" and Defendant has "epitomized th[is] purpose." (*Id.* (internal quotation and citation omitted).) *Third*, Defendant maintains that he lives at home with his family, his wife and son, and he works as a real estate investor, buying properties and restoring them. (*Id.*) In sum, Defendant argues that he is "a world apart from the criminal activities he was engaged in at the time of his arrest." (*Id.*)

The Government does not oppose Defendant's Motion. (*See generally*, Gov't's Opp'n Br.) The Government recognizes that Defendant has complied with the terms of his supervised release, noting that the U.S. Probation Office separately did not object to the early termination of supervised release. (*Id.* at 5.) Defendant was placed on the U.S. Probation Office's Low Intensity Caseload as a result of his conduct while on supervised release. (*Id.*) The Government explains that Defendant has no continuing financial obligation related to his sentence, noting that Defendant paid all mandatory special assessments. (*Id.*) The Government agrees that Defendant's conduct demonstrates that further supervised release is not warranted, and early termination will allow Defendant to "take further steps toward being a productive and integrated member of the

3

community." (*Id.*) The Government also states that Defendant has already completed a term of supervised release that is within the Guidelines. (*Id.*)

The Court agrees with both Defendant and the Government that early termination is warranted in this case. While the nature and circumstances of Defendant's offense do not weigh in his favor—as Defendant readily admits (Def.'s Moving Br. 3)—Defendant has demonstrated that he fulfilled the purpose of his supervised release. He has not violated any term of his unexpected home confinement or his supervised release, and he has established himself as a productive member of his community, both in his personal and professional life. (*See id.* at 2-3.) The Court, accordingly, grants Defendant's Motion.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Probation is granted. An appropriate order will follow this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE